**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**ELIZABETH J. MARTIN,**
Plaintiff,

v.

**OFFICE OF CHIEF DISCIPLINARY COUNSEL OF MISSOURI,**
**and**
**HON. MARY R. RUSSELL,**
in her official capacity,
Defendants.

Case No. _______________

**JURY TRIAL DEMANDED**

*NEW CIVIL ACTION*
*Not 4:25-cv-00700-RWS*

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

*Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132*

### PRELIMINARY STATEMENT

**1.** Plaintiff Elizabeth J. Martin brings this new civil action under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, after exhausting EEOC administrative remedies and receiving a Notice of Right to Sue. This is not Case No. 4:25-cv-00700-RWS. That action challenged the suspension of Plaintiff's Missouri law license under 42 U.S.C. § 1983. It was dismissed for lack of subject-matter jurisdiction on October 9, 2025, affirmed by the Eighth Circuit on August 10, 2026, and closed. On September 2, 2026, this Court denied without prejudice a motion filed in that closed case and stated that the disability complaint is a separate matter over which the Court lacked jurisdiction in the prior action.

**2.** Plaintiff now files that separate disability action. She attempted to commence it on May 13, 2026—six days before the 90-day Right-to-Sue deadline of May 19, 2026—by mailing a complete federal-court packet to the Robert A. Young Federal Building. An EEOC supervisor accepted the packet, later said he thought it "was a copy," kept it, did not forward it to the Clerk or to any judge, and did not contact Plaintiff until July 31, 2026. Equitable tolling and equitable estoppel therefore apply.

## PARTIES

**3.** Plaintiff Elizabeth J. Martin is a resident of St. Louis County, Missouri. She is a person with a disability within the meaning of 42 U.S.C. § 12102. She is a licensed Missouri attorney whose license was suspended. She proceeds in this action pro se to vindicate her own federal rights.

**4.** Defendant Office of Chief Disciplinary Counsel of Missouri ("OCDC") is a public entity within the meaning of 42 U.S.C. § 12131(1). OCDC investigates lawyers and files informations in the Supreme Court of Missouri, including proceedings under Rule 5.23 concerning alleged incapacity or disability.

**5.** Defendant Hon. Mary R. Russell is a Judge of the Supreme Court of Missouri. She served as Chief Justice when the April 2025 suspension orders were entered. She is sued in her official capacity for acts taken under color of state law in the administration of attorney-licensing and disability-suspension procedures, and for prospective equitable relief. She is referred to in this Complaint as she was named in the related prior action.

## JURISDICTION AND VENUE

**6.** This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 12133 and 2000e-5(f)(3), as made applicable by Title II of the ADA.

**7.** Venue is proper in the Eastern District of Missouri, Eastern Division, under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred here.

**8.** This action does not ask this Court to sit as an appellate court over the Missouri Supreme Court's suspension judgment. Plaintiff seeks relief for Defendants' own conduct: using her disability and Social Security disability records as the instrument of exclusion from a public program, failing to accommodate her disability in that program, intercepting her timely court-filing packet, and retaliating against protected

activity. Those claims arise under federal statute and are independent of a request to reverse the state-court judgment.

## FACTUAL ALLEGATIONS

**9.** Plaintiff has a significant physical disability resulting from a disabling accident. The disability substantially limits major life activities, including the use of her hands. She has been found disabled by the Social Security Administration and receives SSDI.

**10.** Attorney licensure and the disciplinary and disability-suspension processes administered by OCDC and the Supreme Court of Missouri are services, programs, or activities of a public entity within the meaning of Title II.

**11.** On or about April 8, 2025, the Chief Disciplinary Counsel filed an Information in the Supreme Court of Missouri under Rule 5.23 alleging that Plaintiff was disabled and therefore incapacitated from continuing to practice law. The Information relied on Plaintiff's Social Security disability determination.

**12.** On April 9, 2025, and by a corrected order on April 22, 2025, the Supreme Court of Missouri, then acting through Chief Justice Mary R. Russell, suspended Plaintiff from the practice of law based on the disability/incapacity finding. Plaintiff was not afforded the interactive process or reasonable modifications Title II requires before a public entity excludes a qualified individual from a program because of disability.

**13.** Defendants treated an SSDI adjudication as conclusive proof that Plaintiff could not competently practice law. Title II does not permit a public entity to equate receipt of disability benefits with unfitness for a state-administered professional program without an individualized inquiry and, where needed, reasonable modification.

**14.** Plaintiff filed her charge of disability discrimination with the EEOC on April 15, 2025. The charge concerned Defendants' use of her protected health and disability records and her exclusion from the attorney-licensing program.

**15.** The EEOC and the Missouri Commission on Human Rights ("MHRC" or "MCHR") operate under a worksharing agreement. A charge filed with the EEOC is dual-filed with MHRC. MHRC is the state Fair Employment Practices Agency for Missouri and has independent authority to investigate disability-discrimination claims arising in this State, including this claim.

**16.** The same EEOC supervisor who later accepted and held Plaintiff's May 13, 2026 court-filing packet told MHRC that Plaintiff filed her charge on December 5, 2025. That date is false. Plaintiff filed on April 15, 2025.

**17.** Relying on the false December 5, 2025 date, MHRC denied an investigation as untimely. Had MHRC been given the true April 15, 2025 filing date, the charge was timely for dual-filing and MHRC investigation. The supervisor's misstatement stripped Plaintiff of a second, independent investigative forum that the worksharing agreement exists to preserve.

**18.** On February 19, 2026, that supervisor emailed Plaintiff a separate letter stating that the "commissioner" had reviewed her case and that she would not be successful. That communication departed from the EEOC's obligation of neutrality. The Commission investigates and makes a cause determination. A supervisor may not pre-announce that a charging party "would not be successful" as a substitute for a lawful determination, or as a device to discourage a lawsuit.

**19.** The EEOC issued a Notice of Right to Sue. The 90-day period to file this civil action expired on May 19, 2026.

**20.** In its October 9, 2025 Memorandum and Order dismissing Case No. 4:25-cv-00700-RWS for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine, the Court indicated that disability claims of this character required exhaustion of EEOC administrative remedies. Plaintiff exhausted those remedies—despite the supervisor's false date to MHRC and the February 19, 2026 prejudgment email—and then attempted to file this action.

**EQUITABLE TOLLING AND EQUITABLE ESTOPPEL**

**21.** The 90-day filing period is a claim-processing rule, not a jurisdictional bar. It is subject to equitable tolling and equitable estoppel.

**22.** Plaintiff acted diligently and inside the 90 days. On or about May 13, 2026—six days before the May 19, 2026 deadline—she mailed a complete federal-court commencement packet to the Robert A. Young Federal Building, 1222 Spruce Street, St. Louis, Missouri 63103, the building that houses the EEOC St. Louis District Office that had handled her charge.

**23.** The packet was not a courtesy copy of an administrative charge. It was a court-filing set. It included Plaintiff's civil complaint, a Civil Cover Sheet, an application to proceed in forma pauperis / as a poor person, and subpoenas.

**24.** An EEOC supervisor accepted the mailing. Acceptance is documented by the United States Postal Service receipt dated May 13, 2026, which Plaintiff will file as an exhibit with this Complaint or by separate notice of filing.

**25.** The supervisor later stated that he thought the packet "was a copy." That characterization was unreasonable. A Civil Cover Sheet, IFP application, complaint, and subpoenas are papers used to open a federal civil action. They are not a duplicate EEOC charge.

**26.** If the supervisor was unsure of the intended destination, the ordinary response was to refuse the package, return it, or tell Plaintiff the same day that the Clerk of this Court at the Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, Suite 3.300, St. Louis, Missouri 63102, had to receive the originals.

**27.** The supervisor did none of those things. He retained the papers. He did not forward them to the Clerk or to any district judge. He did not return them. He did not call Plaintiff on May 13, May 14, or at any time before the May 19 deadline.

**28.** Had he contacted Plaintiff when he accepted the packet, she had six days to cure the address and file with the Clerk of this Court before the 90 days ran. His silence took that window away.

**29.** Plaintiff first learned that the papers had been held and not filed with this Court on July 31, 2026, when the supervisor contacted her. That was 73 days after the deadline he could have told her to meet.

**30.** After learning of the non-filing, Plaintiff continued to pursue the claim. On August 17, 2026, she moved in Case No. 4:25-cv-00700-RWS for equitable estoppel and leave to present the disability complaint.

**31.** On September 2, 2026, the Court denied that motion without prejudice (Doc. 46). The Court stated that Case No. 4:25-cv-00700-RWS concerned the suspension of Plaintiff's law license, "does not have any relation to a disability complaint Martin may seek to file in this Court," and that the Court lacked jurisdiction over that separate matter. The ADA claim has never been decided on the merits.

**32.** Equitable tolling applies. Plaintiff mailed a full court packet on May 13, 2026, obtained a USPS acceptance receipt, had six days left to cure if told the truth, and was left in ignorance until July 31, 2026 because an official treated court papers as "a copy" and said nothing. The same official had already given MHRC a false charge date and had emailed Plaintiff that she "would not be successful."

**33.** Equitable estoppel applies independently. An official who accepted a Civil Cover Sheet, IFP application, complaint, and subpoenas, then withheld notice until after the deadline, may not later use that deadline against the filer.

**34.** Plaintiff's physical disability, which limits use of her hands and the mechanical work of filing and follow-up, made reliance on a signed USPS acceptance at the federal building handling her charge reasonable.

**35.** Defendants are not prejudiced. They have had notice of these claims through the April 15, 2025 EEOC charge, the dual-filed MHRC process, the Right-to-Sue process, and the May 13, 2026 packet. This Complaint is the action Plaintiff attempted to commence on May 13, 2026.

**36.** The 90-day period should be tolled from May 13, 2026 through at least July 31, 2026, and through September 2, 2026, when the Court directed Plaintiff to bring the disability claim as a separate case. This is that case.

## COUNT I

### Violation of Title II of the Americans with Disabilities Act

*42 U.S.C. § 12132*

**37.** Plaintiff realleges paragraphs 1 through 36.

**38.** Plaintiff is a qualified individual with a disability. Defendants are public entities, or officials of public entities, that administer the program of attorney licensure and disability-related suspension in Missouri.

**39.** Defendants excluded Plaintiff from, and denied her the benefits of, that public program by reason of her disability. They used her SSDI status and disability records as the basis for an incapacity information and suspension, without the individualized inquiry and reasonable modifications Title II requires.

**40.** Defendants failed to reasonably accommodate Plaintiff in the investigation and Rule 5.23 process, including with respect to her physical limitations and the handling of her medical and disability information.

**41.** As a direct result, Plaintiff has been excluded from her profession, has suffered and continues to suffer irreparable harm to her livelihood and professional standing, and has incurred damages to the extent recoverable under Title II.

## COUNT II

### Retaliation

*42 U.S.C. § 12203*

**42.** Plaintiff realleges paragraphs 1 through 41.

**43.** Plaintiff engaged in protected activity by charging disability discrimination with the EEOC on April 15, 2025, by seeking dual-filed MHRC investigation, by pursuing ADA rights, and by preparing and mailing a federal complaint on those claims.

**44.** The same supervisor then accepted Plaintiff's timely court-filing packet on May 13, 2026, characterized court papers as "a copy," retained them, and remained silent through the May 19, 2026 deadline. That conduct interfered with Plaintiff's access to this Court on her ADA claims.

**45.** The false December 5, 2025 date given to MHRC, the February 19, 2026 "you would not be successful" email, and the May 13, 2026 interception of a complete commencement packet—complaint, Civil Cover Sheet, IFP application, and subpoenas—were adverse actions causally connected to protected activity. They form a pattern of interfering with Plaintiff's administrative and judicial remedies rather than investigating her disability-discrimination charge on a neutral basis.

**46.** To the extent this retaliation and interference claim was within the scope of the exhausted EEOC charge or is reasonably related to it, Plaintiff seeks the remedies Title II and § 12203 provide. If the Court concludes any portion was not exhausted, Plaintiff relies on the same facts for equitable estoppel of the filing deadline.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elizabeth J. Martin respectfully requests that this Court:

A. Declare that Defendants violated Title II of the ADA by excluding Plaintiff from a public program by reason of disability and by failing to provide reasonable modifications;

B. Enjoin Defendants, in their official capacities, from administering Rule 5.23 and related licensing procedures against Plaintiff without an individualized Title II inquiry and reasonable modifications;

C. Hold that the 90-day Right-to-Sue period is equitably tolled and that Defendants are equitably estopped from asserting untimeliness;

D. Award compensatory damages to the extent permitted against a public entity under Title II;

E. Award costs and any other relief the Court deems just and proper.

## JURY DEMAND

**47.** Plaintiff demands trial by jury on all claims so triable.

Respectfully submitted,

10/28/2026

**Elizabeth J. Martin**
Plaintiff, appearing pro se

13445 Woodstile Court
St. Louis, Missouri 63128
Dated: ~~September ____, 2026~~ October 28, 2026

**CERTIFICATE OF SERVICE**

Service will be made in accordance with Fed. R. Civ. P. 4 after the Clerk issues summons, or by the United States Marshals Service if Plaintiff is granted leave to proceed in forma pauperis. This Complaint is submitted to open a new civil action and is not filed in Case No. 4:25-cv-00700-RWS.

______________________________
Elizabeth J. Martin